Peter Kristofer Strojnik, State Bar No. 242728
pstrojnik@strojniklaw.com
**THE STROJNIK FIRM LLC**
**A LIMITED LIABILITY COMPANY**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 510-9409
Facsimile: (602) 773-0370

Attorneys for Plaintiff THERESA BROOKE

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim, | Case No: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | |
| PHOENIX CENTRAL HOTEL VENTURE, LLC, a Delaware limited liability company dba Hilton Garden Inn Midtown, | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

Plaintiff alleges:

1. NOTICE OF THE BARRIERS ALLEGED HEREIN WAS PROVIDED TO DEFENDANT'S COUNSEL. DEFENDANT DID NOT RESPOND TO THE NOTICE.

### **PARTIES**

2. Plaintiff Theresa Brooke is a married woman currently residing in Pinal County, Arizona. Plaintiff is and, at all times relevant hereto, has been legally disabled, confined to a wheel chair, and is therefore a member of a protected class under the

1  ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act, California Civil Code § 51, 52, and the California Disabled Persons Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

3.  Defendant, Phoenix Central Hotel Venture, LLC, owns and/or operates and does business as the hotel, Hilton Garden Inn Midtown located at 4000 North Central Avenue, Phoenix, Arizona 85012. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services.

## INTRODUCTION

4.  Plaintiff is a disabled woman that is missing one leg and relies on a wheelchair or electric scooter to get around. She brings this action to remedy two separate violations of the Americans with Disabilities Act that she encountered at Defendant's hotel. Specifically, Defendant's hotel does not have a Jacuzzi that complies with Section 242.2 of the 2010 Standards, and its passenger loading zone adjacent to the lobby entrance does not comply with Section 503 of the 2010 Standards.

5.  With this lawsuit, Plaintiff primarily seeks injunctive relief from the Court; an Order directing Defendant to make its hotel compliant with the Americans with Disabilities Act and specifically to modify its hotel Jacuzzi and passenger loading zone to comply with Sections 242.2 and 503 of the 2010 Standards.

6.  In compliance with R10-3-405(H)(1), Plaintiff's address is c/o Peter Kristofer Strojnik, her attorney, 2415 East Camelback, Suite 700, Phoenix, Arizona 85016.

## JURISDICTION AND VENUE

7.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188. The Court has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

8.  Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff is a disabled woman that relies on a wheelchair for locomotion. Her disability is that she only has one leg. She cannot walk.

11. Plaintiff has filed many ADA lawsuits across the Southwest, including in the State of Arizona. In the State of Arizona, Plaintiff has filed hundreds of lawsuits against hotels to ensure that the Arizona hospitality industry to accessible to persons like her and millions of other disabled persons.

12. Plaintiff is a so-called "tester", which the Ninth Circuit encourages and does not consider when addressing the viability of an ADA lawsuit. Private suits such as this one are the sole means for enforcement of the ADA, and therefore they are favored in this Jurisdiction.

13. Plaintiff currently resides in Coolidge, Arizona, but her husband works in the Phoenix metropolitan area, and they both visit the Phoenix area often to either visit friends, meet with their lawyer, or to attend events or dinners in Phoenix.

14. In or around early October 2018, Plaintiff was in Phoenix for an overnight trip and went to Defendant's hotel, Hilton Garden Inn Midtown, to book a room for the evening. When she pulled up to the passenger loading zone, she could not immediately access the lobby because the sole access point from the loading zone was being blocked by a vehicle, and Defendant does not have a marked access aisle compliant with Section 503 of the 2010 Standards.

15. The purpose of a marked access aisle is to create a clear path notifying others not to obstruct the clear path. Below is an illustration of a correct access aisle at a passenger loading zone:



16.     Plaintiff actually waited for the vehicle that was blocking the access point to move. She then proceeded into the lobby and observed the pool and Jacuzzi area before she decided to book a room. Upon observing the Jacuzzi area, she was happy to observe that the Jacuzzi had a pool lift. A pool lift is a device designed to allow a disabled person to access a body of water.

17.     Inexplicably, however, the Jacuzzi was elevated by approximately 1.5 feet, and the lift was placed on the elevated surrounding wall. Plaintiff cannot access the lift to then access the Jacuzzi because it was elevated. Stated another way, Defendant's Jacuzzi's access device (the lift) is inaccessible. The following photograph, which was taken after Plaintiff's visit, describes the lack of access in more detail:



18. As a result of the two separate barriers at the hotel, Plaintiff did not book a room. In fact, Plaintiff is deterred from staying at the hotel due to the barriers; this injury is a continuous one so long as the barriers remain. *CREEC*.

19. Notwithstanding Defendant's two separate violations of the ADA, Plaintiff will re-visit the hotel at a later date IF Defendant remediates the two barriers and provides notice thereof to Plaintiff. Until then, however, Plaintiff is turned off and will not lodge there.

20. It is a violation of Section 503.3 of the Standards, and hence the ADA, for a passenger loading zone to not have an access aisle that is at least 60 inches wide and a full car-length long in the center of the loading zone closest to the lobby entrance. Defendant violated this Section.

21. Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

22. Other potential violations and barriers to entry at Defendant's hotel may be discovered through an expert inspection of the hotel property pursuant to Rule 34. So as to avoid piecemeal litigation to ensure full access to the entirety of the property at issue, Plaintiff will amend her complaint to allege and all additional barriers discovered during the Rule 34 inspection. *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008).

**FIRST CAUSE OF ACTION**
**(Violation of Title III the Americans with Disabilities Act)**
**(Barrier at Lobby Loading Zone)**

23. Plaintiff incorporates all allegations heretofore set forth.

24. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

25. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and

1 independently usable by individuals who are disabled in violation of 42 U.S.C.
2 §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the
3 2010 Standards would neither fundamentally alter the nature of Defendant's lodging
4 services nor result in an undue burden to Defendant.

5       26. In violation of the 2010 Standards, Defendant's hotel passenger loading
6 zone does not have a disability access aisle as required by Section 503 of the Standards.

7       27. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards,
8 as described above, is readily achievable by the Defendant. *Id*. Readily achievable
9 means that providing access is easily accomplishable without significant difficulty or
10 expense.

11       28. Defendant's conduct is ongoing, and, given that Defendant has never fully
12 complied with the ADA's requirements that public accommodations make lodging
13 services fully accessible to, and independently usable by, disabled individuals, Plaintiff
14 invokes her statutory right to declaratory and injunctive relief, as well as costs and
15 attorneys' fees.

16       29. Without the requested injunctive relief, specifically including the request
17 that the Court retain jurisdiction of this matter for a period to be determined after the
18 Defendant certifies that it is fully in compliance with the mandatory requirements of the
19 ADA that are discussed above, Defendant's non-compliance with the ADA's
20 requirements that its passenger loading zone be fully accessible to, and independently
21 useable by, disabled people is likely to recur.

22       WHEREFORE, Plaintiff demands judgment against Defendant as follows:

23       a. A Declaratory Judgment that at the commencement of this action
24 Defendant was in violation of the specific requirements of Title III of the
25 ADA described above, and the relevant implementing regulations of the
26 ADA, in that Defendant took no action that was reasonably calculated to
27 ensure that all of its passenger loading zone is fully accessible to, and
28 independently usable by, disabled individuals;

    b.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the passenger loading zone is fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its passenger loading zone is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

    c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

    d.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[1]; and,

    e.  Nominal damages pursuant to the Ninth Circuit Court of Appeal's recently decision in *Bayer v. Neiman Marcus Group, Inc*., Ninth Circuit case no. 15-15287 (June 26, 2017) (for publication); and,

    f.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

---

[1] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

7

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION
**(Violation of Title III the Americans with Disabilities Act)**
**(Barrier at Jacuzzi)**

30. Plaintiff incorporates all allegations heretofore set forth.

31. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

32. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

33. In violation of the 2010 Standards, Defendant's hotel passenger loading zone does not have a disability access aisle as required by Section 242.2 of the Standards.

34. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

35. Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

36.  Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that all of its Jacuzzi is fully accessible to, and independently usable by, disabled individuals;

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its Jacuzzi into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Jacuzzi is fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its Jacuzzi is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28

   CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[2]; and,

 e. Nominal damages pursuant to the Ninth Circuit Court of Appeal's recently decision in *Bayer v. Neiman Marcus Group, Inc.*, Ninth Circuit case no. 15-15287 (June 26, 2017) (for publication); and,

 f. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

 g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 19th day of November, 2018.

      /s/ Peter Kristofer Strojnik
      Peter Kristofer Strojnik (242728)
      Attorneys for Plaintiff

## VERIFICATION COMPLIANT WITH R10-3-405

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 15th day of November, 2018.

_____
Theresa Brooke

---

[2] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)